UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Kathleen Hadeler, an individual,

        Plaintiff,

    -against-

Clairol; Coty, Inc.; Henkel a/k/a Henkel AG & Co. KGaA;
Joico; John Paul Mitchell Systems; L'Oréal USA, Inc.;
L'Oréal USA Products, Inc.; Pravana; Wella Operations
US, LLC, inclusive,

        Defendants.
------------------------------------------------------------------------X

Case No. 1:26-cv-03388-NRB

**DEFENDANT HENKEL CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**ORAL ARGUMENT REQUESTED**

1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY ................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

   I.    REMOVAL TO THIS COURT WAS PROPER ............................................................. 3

      A.   There is Complete Diversity of Citizenship ................................................................ 4

      B.   The Amount in Controversy Exceeds $75,000 .............................................................. 4

      C.   Removal Was Timely ............................................................................................... 5

      D.   No Consents of Co-Defendants Were Required ............................................................ 5

   II.   THE NEW YORK DEFENDANTS WERE NOT PROPERLY SERVED PRIOR TO
REMOVAL ................................................................................................................. 6

   III.   PLAINTIFF'S REQUESTED COSTS ARE IMPROPER ............................................ 10

      A.   Plaintiff Improperly Seeks Pre-Removal Costs That Are Not Recoverable ................. 11

      B.   Henkel's Removal Was Objectively Reasonable ........................................................ 12

CONCLUSION ..................................................................................................................... 13

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC, No. 11-CV-2232*,
　　2011 WL 4965150 (S.D.N.Y. Oct. 19, 2011) ................................................................... 12

*Bellido-Sullivan v. Am. Int'l Group, Inc.*,
　　123 F. Supp. 2d 161 (S.D.N.Y. 2000) .............................................................................. 11

*Burns v. Windsor Ins. Co.*,
　　31 F.3d 1092 (11th Cir. 1994) ............................................................................................ 4

*C.Q. v. Est. of Rockefeller, No. 20-CV-2205 (VSB)*,
　　2020 WL 5658702 (S.D.N.Y. Sep. 23, 2020)..................................................................... 7

*Capital2Market Consulting, LLC v. Camston Wrather, LLC, No. 22-cv-7787*,
　　2023 WL 2366975 (S.D.N.Y. Mar. 6, 2023) .................................................................... 12

*Casale v. Metro. Trans. Auth.*,
　　2005 WL 3466405 (2005)................................................................................................. 13

*Castro v. Colgate-Palmolive Co., 19-CV-279 (JLS)*,
　　2020 WL 2059741 (W.D.N.Y. Apr. 29, 2020).................................................................... 9

*Columbia Pictures Indus., Inc. v. Cap King, No. 08-CV-4461*,
　　2010 WL 1221457 (E.D.N.Y. Mar. 29, 2010).................................................................. 10

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
　　574 U.S. 81 (2014)............................................................................................................. 4

*Fiskus v. Bristol-Myers Squibb Co., No. 14 Civ. 3931(PAC)*,
　　2014 WL 4953610 (S.D.N.Y. Oct. 1, 2014)..................................................................... 10

*Gibbons v. Bristol-Myers Squibb Co.*,
　　919 F.3d 699 (2d Cir. 2019)..................................................................................... 6, 7, 9

*Greenridge v. Mundo Shipping Corp.*,
　　60 F. Supp. 2d 10 (E.D.N.Y. 1999) ........................................................................... 11, 12

*Hensley v. Eckerhart*,
　　461 U.S. 424 (1983)......................................................................................................... 11

*Lask v. Rhee-Karn, No. 24-CV-02666 (MMG)*,
　　2025 WL 2717474 (S.D.N.Y. Sep. 24, 2025)..................................................................... 7

ii

*Martin v. Franklin Capital Corp.*,
     546 U.S. 132 (2005)..................................................................................... 11, 12

*Mattice v. ITT Hartford Ins. Grp.*,
     837 F. Supp. 499 (N.D.N.Y. 1993) .................................................................. 11

*New York v. Bell, No. 3:10-CV-508 SRU*,
     2011 WL 134084 (D. Conn. Jan. 14, 2011)...................................................... 11

*Oliver v. N.Y. State Police*, 1:17-CV-01157 EAW,
     2019 WL 453363 (W.D.N.Y. Feb. 5, 2019) ....................................................... 6

*Prudential Oil Corp. v. Phillips Petroleum Co.*,
     546 F.2d 469 (2d Cir. 1976)............................................................................. 10

*Rivas v. Bowling Green Assocs., L.P., No. 13-CV-7812*,
     2014 WL 3694983 (S.D.N.Y. July 24, 2014) ................................................... 10

*Rubin v. MasterCard Int'l, LLC*,
     342 F. Supp. 2d 217 (S.D.N.Y. 2004) .............................................................. 13

*Texas Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*,
     955 F.3d 482 (5th Cir. 2020) ............................................................................. 9

*United Mut. Houses, L.P. v. Andujar*,
     230 F. Supp. 2d 349 (S.D.N.Y. 2002) .............................................................. 11

*Uzoigwe v. Charter Commc'ns, LLC, No. 24-cv-1399*,
     2025 WL 1257578 (2d Cir. May 1, 2025) ....................................................... 6, 7

*Vermande v. Hyundai Motor Am., Inc.*,
     352 F. Supp. 2d 195 (D. Conn. 2004)................................................................. 4

*Williams v. Int'l Gun-A-Rama*,
     416 Fed. Appx. 97 (2d Cir. 2011)..................................................................... 11

**STATE CASES**

*Chira v. Glob. Med. Rev.*,
     609 N.Y.S.2d 511 (Sup. Ct. Rockland Ctny. 1994)............................................ 8

*In re City of Amsterdam v. Bd. of Assessors of Town of Providence*,
     237 A.D.2d 63 (3d Dep't 1998)............................................................................ 8

*Cruz v. N.Y.C. Hous. Auth.*,
     269 A.D.2d 108 (1st Dep't 2000)........................................................................ 9

*Jamestown 88 Leonard, L.P. v. Prime Essentials, LLC, No. 656319/2020*,
    2021 WL 2980645 (Sup. Ct. N.Y. Cnty. July 12, 2021) ..................................................... 8

*Nat'l Union Fire Ins. Co. v. Hugee*,
    661 N.Y.S.2d 744 (Sup. Ct. N.Y. Cnty. 1997) ............................................................... 8, 9

*Slutzky v. Aron Ests. Corp.*,
    597 N.Y.S.2d 997 (Sup. Ct. Rockland Cnty. 1993)............................................................. 8

## FEDERAL STATUTES

28 U.S.C. § 1332 ................................................................................................................. 3, 4

28 U.S.C. § 1441 ................................................................................................. 1, 3, 6, 8, 13

28 U.S.C. § 1446 ..................................................................................................................... 5

28 U.S.C. § 1447 .................................................................................................................. 2, 10

## STATE STATUTES

CPLR § 305 ................................................................................................................... *passim*

CPLR § 308 ............................................................................................................................. 8

CPLR § 2001 ........................................................................................................................... 9

Defendant Henkel Corporation ("Henkel")[1] respectfully submits this memorandum of law in opposition to Plaintiff Kathleen Hadeler's ("Plaintiff") Motion to Remand ("Motion" or "Mot."), ECF No. 5.

## PRELIMINARY STATEMENT

Federal law permits Henkel to do precisely what it did here. Faced with a state court action filed in a foreign state—an action over which a United States district court would have had original jurisdiction—Henkel availed itself of federal law permitting removal to the district court for the district in which it was filed. 28 U.S.C. § 1441(a). Plaintiff concedes, as she must, that the predicates for federal jurisdiction are met here: the parties are completely diverse and the amount in controversy exceeds $75,000.

Under the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2), a suit that is "otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought." (emphasis added). Thus, as Plaintiff acknowledges, her motion hinges on whether the defendants who are New York citizens—L'Oréal USA, Inc. and L'Oréal USA Products, Inc.—were properly served prior to removal. They were not.

New York law unambiguously requires a summons to "***bear the index number assigned***." CPLR § 305(a) (emphasis added). In her haste to defeat removal, Plaintiff served a defective Summons on April 24, 2026 that lacked the statutorily required index number (because the index number was not assigned until three days later on April 27, 2026). Thus, when Henkel removed this action on April 24, 2026, none of the New York defendants were "properly joined and served" and the forum defendant rule did not bar removal.

---

[1]  Henkel was improperly named in the Complaint as "Henkel a/k/a Henkel AG & Co. KGaA."

In support of her motion, Plaintiff relies on cases in which the court declined to *dismiss* the action in state court due to service of a summons lacking an index number. In those cases, which focused primarily on statute of limitations challenges, strict application of CPLR § 305 would have kicked the plaintiff out of court entirely. None of those cases address the situation here. Instead, courts in the Second Circuit faithfully apply the forum defendant rule by upholding removal where, like here, purported service on a forum defendant was not statutorily compliant.

Moreover, Plaintiff's Affirmations of Service are defective. Plaintiff could not have served L'Oréal (or any defendant) with a Summons and Verified Complaint with "[s]aid documents [] conformed with index number and date of filing endorsed thereon" on April 24, 2026 because no index number existed at that time.

Finally, Plaintiff's request for more than $6,000 in costs and fees should be denied. These costs were not incurred "as a result of the removal." *See* 28 U.S.C. § 1447(c). Rather, Plaintiff improperly seeks to recover litigation costs in the original state court action, including filing fees and service expenses, which are not recoverable under § 1447(c). Moreover, Henkel's removal was objectively reasonable, which precludes an award of fees or costs. Section 1447(c) is not a fee-shifting mechanism for good faith removals, such as this one.

Henkel properly removed this action. Plaintiff's motion should be denied in its entirety.

**PROCEDURAL HISTORY**

Plaintiff commenced this action on April 24, 2026 by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York (the "State Court Action"). *See* Compl., ECF No. 1-2. The Complaint alleges that Plaintiff developed bladder cancer as a result of using defendants' hair dye products. *Id.* at ¶ 5.

2

The same day the Summons and Verified Complaint was filed, but before the New York state court even assigned an index number, Plaintiff attempted to serve defendants with a copy of the deficient Summons and Verified Complaint. Parseghian Decl. ¶¶ 2-3, Exs. A-B; *see also id.* at ¶¶ 4-5, Exs. C-D. The Summonses served on defendants failed to include the index number, as required. Parseghian Decl. ¶¶ 2-3, Exs. A-B.

That same day, Henkel removed the State Court Action to this Court by filing a Notice of Removal and Declaration of Berj K. Parseghian with supporting exhibits. *See* ECF No. 1. Henkel removed the action based on diversity jurisdiction. *Id.* at ¶ 5.

After an index number was assigned, on April 27, 2026, Plaintiff re-served defendants with the Summons and Verified Complaint, Parseghian Decl. ¶¶ 6-7, Exs. E-F, with "[s]aid documents [] conformed with index number and date of filing endorsed thereon[,]" *id.* at ¶¶ 8-9, Exs. G-H.

## ARGUMENT

## I.    REMOVAL TO THIS COURT WAS PROPER

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction where the parties are "citizens of different States" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Here, Plaintiff concedes, as she must, that the requirements for diversity jurisdiction are met. *See* Mot. at 3 (representing that the amount in controversy and complete diversity of the parties are met and undisputed).

### A.    There is Complete Diversity of Citizenship

The parties here are completely diverse, as conceded by Plaintiff in the Motion. *See* Mot. at 3. It is not disputed that Plaintiff is a citizen of Texas and none of the defendants are citizens of Texas.  Accordingly, complete diversity exists as all the properly named defendants are diverse from Plaintiff.

### B.    The Amount in Controversy Exceeds $75,000

Plaintiff also concedes that the amount in controversy exceeds $75,000. *See* Mot. at 3. Even if she had not, the amount in controversy requirement is satisfied because it is clear from the Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See, e.g.*, *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 203 (D. Conn. 2004); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

Here, Plaintiff states in her Complaint that she suffered bladder cancer as a result of using defendants' products and seeks, among other things, (a) past and future general damages; (b) past and future economic and special damages; (c) past and future medical expenses; (d) past and future pain and suffering; (e) punitive or exemplary damages; (f) attorney's fees; (g) costs and disbursements; and (h) prejudgment interest all in amounts to be determined at trial. *See* Compl.,

ECF No. 1-2, Relief Requested.  Therefore, it is apparent from the face of the Complaint that the alleged injuries result in a matter in controversy exceeding $75,000.

Moreover, in related cases pending before this Court involving nearly identical allegations and damages, plaintiffs have stated that "[s]hould Defendant(s) fail to appear herein, judgment will be entered by default for the sum of $10 million with interest from the date of and the costs of this action."  Therefore, Plaintiff's claimed value of this case easily exceeds the $75,000 matter in controversy threshold.

### C.    Removal Was Timely

Under 28 U.S.C. § 1446(b)(1),

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

Here, the Notice of Removal was filed the same day the state court proceedings were initiated on April 24, 2025. Thus, the 30-day requirement of 28 U.S.C. § 1446(b)(1) was met.

### D.    No Consents of Co-Defendants Were Required

"[W]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). As discussed below, no defendants were properly served at the time of removal. Therefore, no consents were required.

II.    **THE NEW YORK DEFENDANTS WERE NOT PROPERLY SERVED PRIOR TO REMOVAL**

Generally, a suit that is "'otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought.'" *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–05 (2d Cir. 2019) (*quoting* 28 U.S.C. § 1441(b)(2)) (emphasis added). Accordingly, the forum defendant rule "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable." *Id.* at 705. Here, removal was proper because the home-state defendants were not properly joined and served prior to removal.

Plaintiff's delivery of a Summons and Verified Complaint without an index number failed to "properly join[] and serve[]" the New York defendants. Pursuant to CPLR § 305(a), a "summons . . . ***shall bear the index number assigned***." (emphasis added). CPLR § 305(a). Thus, as a matter of plain statutory interpretation, the summons was defective. *See Oliver v. N.Y. State Police*, 1:17-CV-01157 EAW, 2019 WL 453363, at *6 (W.D.N.Y. Feb. 5, 2019) (describing the absence of an index number on a summons as a "legitimate defect").

Because the summons was defective, service was defective. Thus, Henkel's removal of this action was proper because no New York defendant had been properly joined and served at the time of removal. Indeed, the Second Circuit has upheld removal where, like here, "statutory non-compliance means that [a defendant] was not properly served." *Uzoigwe v. Charter Commc'ns, LLC*, No. 24-1399-cv, 2025 WL 1257578, at *2 (2d Cir. May 1, 2025) (Summary Order) (affirming denial of remand where statute provides that service is not complete until defendant

6

returns a signed acknowledgement of receipt and notice of removal was filed before the defendant returned the acknowledgement to plaintiff).

In *Uzoigwe*, the Second Circuit addressed a similar procedural background as here, where the plaintiff argued that remand was required under the forum defendant rule. *Uzoigwe*, 2025 WL 1257578, at *1. The Second Circuit held that the subject defendant was not properly served because CPLR § 312-a(b) required that the defendant return a signed acknowledgement of receipt. *Id.* at *2 ("Even though [plaintiff] did all that was required of him, and even if he is correct that [defendant's] delay in returning the Acknowledgement was unjustified . . . [defendant's] delay nevertheless suffices to defeat the applicability of the forum defendant rule." (internal quotation marks omitted)).

Other courts have similarly denied motions to remand due to deficient service. In *Lask v. Rhee-Karn*, the court recently confirmed that, under Second Circuit law, "Section 1441(b)(2), by its text, is inapplicable until a home-state defendant has been served in accordance with state law." *Lask v. Rhee-Karn*, No. 24-CV-02666 (MMG), 2025 WL 2717474, at *4 (S.D.N.Y. Sep. 24, 2025) (*citing Gibbons*, 919 F.3d at 705). The court went on to explain that "however arbitrary it may seem, an in-state defendant may side-step the Forum Defendant Rule by removing the case before being served" and held that the defendants "*necessarily* removed the case before being served— because they were *never properly served* in the first place." *Id.* (emphasis added). Because the plaintiff failed to strictly comply with the requirements of the CPLR, service was defective and removal was proper. *Id.* at *4–5; *see also C.Q. v. Est. of Rockefeller*, No. 20-CV-2205 (VSB), 2020 WL 5658702, at *2 (S.D.N.Y. Sep. 23, 2020) (applying *Gibbons* and denying motion to remand where defendants argued that service was not complete at the time of removal in

accordance with the procedural requirements of CPLR § 308(2), New York's substituted service of process statute).

New York courts have recognized that the clear language of CPLR § 305(a) requires that a summons must have an index number. *See, e.g., In re City of Amsterdam v. Bd. of Assessors of Town of Providence*, 237 A.D.2d 63, 65 (3d Dep't 1998); *Nat'l Union Fire Ins. Co. v. Hugee*, 661 N.Y.S.2d 744, 746 (Sup. Ct. N.Y. Cnty. 1997) ("CPLR § 305(a) requires that: 'A summons shall ... bear the index number assigned and the date of filing with the clerk of the court.'"). And courts have dismissed cases based on a plaintiff's failure to comply with CPLR § 305(a). *See Jamestown 88 Leonard, L.P. v. Prime Essentials, LLC*, No. 656319/2020, 2021 WL 2980645, at *1 (Sup. Ct. N.Y. Cnty. July 12, 2021) ("[The action must be dismissed because the complaint was served without an index number, in violation of CPLR 305(a)."). Plaintiff cannot point to a single case holding that a defendant has been properly served under 28 U.S.C. § 1441(b)(2) with a summons that does not contain an index number as required under CPLR § 305(a).

The cases Plaintiff cites are inapposite. *See* Mot. at 3 n.2. *Chira v. Glob. Med. Rev.* considered whether *dismissal* of an action was proper where the summons did not contain an index number as required under CPLR § 305(a). *See Chira v. Glob. Med. Rev.*, 609 N.Y.S.2d 511, 511-12 (Sup. Ct. Rockland Ctny. 1994) (declining to dismiss action on the grounds that service was improper because the summons did not include an index number).

*Slutzky v. Aron Ests. Corp.*, does not help Plaintiff, either. There, the court pointed out that service occurred during a "transitional phase" in the statutory scheme during which the plaintiffs could serve the summons without an index number. *See Slutzky v. Aron Ests. Corp.*, 597 N.Y.S.2d 997, 1002 (Sup. Ct. Rockland Cnty. 1993). Here, the plain language of CPLR § 305 now requires

8

the summons to bear the index number. Moreover, like *Chira*, *Slutzky* involved a motion to dismiss for lack of jurisdiction based on improper service. But here, dismissal is not currently at issue.

Even if cases involving motions to dismiss were relevant here, New York state courts considering such motions apply an analysis that hinges on whether the served party has been prejudiced. *See Cruz v. N.Y.C. Hous. Auth.*, 269 A.D.2d 108, 109 (1st Dep't 2000) ("[A] failure to comply with the technical requirements of CPLR 305(a) does not warrant dismissal unless there is a showing of prejudice caused by such defect."); *Nat'l Union Fire Ins.*, 661 N.Y.S.2d at 746-47; CPLR § 305(c) ("At any time, in its discretion and upon such terms as it deems just, the court may allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced."). *See also* CPLR § 2001 ("[T]he court may permit a mistake, omission, defect or irregularity . . . upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid.").

Even though Henkel is not seeking dismissal of this action at this time, it is clear that Henkel will be prejudiced by a decision that finds service without an index number was proper, thereby denying Henkel its statutory right to remove. Henkel, an out-of-state Defendant, faces a substantial likelihood of prejudice if deprived of its right to have this matter tried in federal court. It is well-established that removal exists to protect an out-of-state defendant from in-state bias that may exist at a local state court. *See Castro v. Colgate-Palmolive Co.*, 19-CV-279 (JLS), 2020 WL 2059741, at *3 (W.D.N.Y. Apr. 29, 2020) (holding, in the context of a similar "snap removal" as here, "the removing party is not a forum defendant. Diversity jurisdiction and removal exist to protect out-of-state defendants from in-state prejudices" (*quoting Texas Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020)); *Gibbons*, 919 F.3d at 706

9

(acknowledging similar principles and implicitly endorsing "snap removal"); *Rivas v. Bowling Green Assocs., L.P.*, No. 13-CV-7812, 2014 WL 3694983, at *3 (S.D.N.Y. July 24, 2014) ("The ability of a non-forum defendant to remove a case to federal court serves the important function of minimizing the potential impact of local prejudice."); *Fiskus v. Bristol-Myers Squibb Co.*, No. 14 Civ. 3931(PAC), 2014 WL 4953610, at *1 (S.D.N.Y. Oct. 1, 2014) ("The principle behind allowing removal by nonresident defendants, similar to that of diversity jurisdiction, is that 'out-of-state parties might be subjected to undue prejudice in state courts, and thus ought to be afforded the opportunity to have their cases tried to an impartial forum.'" (*quoting Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 475 (2d Cir. 1976))).   Conversely, Plaintiff cannot demonstrate prejudice by this action remaining in this Court as there have been no proceedings related to this matter.

Furthermore, Plaintiff's Affirmations of Service are defective. Plaintiff could not have served L'Oréal (or any defendant) with a Summons and Verified Complaint with "[s]aid documents [] conformed with index number and date of filing endorsed thereon" on April 24, 2026 because no index number existed at that time. Parseghian Decl. ¶¶ 4-5, Exs. C-D. Therefore, Plaintiff has failed to provide any evidence to support her Motion. *See Columbia Pictures Indus., Inc. v. Cap King*, No. 08-CV-4461, 2010 WL 1221457, at *2 (E.D.N.Y. Mar. 29, 2010) (holding that the plaintiff had failed to establish proper service because the proof of service did not properly identify the documents that were served).

## III.   PLAINTIFF'S REQUESTED COSTS ARE IMPROPER

Under 28 U.S.C. § 1447(c), a court "may" award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As the language itself indicates, the statute leaves the decision to award such costs to the Court's discretion, and

10

courts frequently decline to do so. *See United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002); *Bellido-Sullivan v. Am. Int'l Group, Inc.*, 123 F. Supp. 2d 161, 169 (S.D.N.Y. 2000) ("The court appreciates that removal […] is a complicated and somewhat murky issue").

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id. Accord Williams v. Int'l Gun-A-Rama*, 416 Fed. Appx. 97, 99 (2d Cir. 2011) ("We agree with the Seventh Circuit that 'if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees'[.]").

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (*quoted in Greenridge v. Mundo Shipping Corp.*, 60 F. Supp. 2d 10, 13 (E.D.N.Y. 1999)). "Court[s] must disallow hours which were not incurred solely in connection with the remand motion." *Greenridge*, 60 F. Supp. 2d at 13. *Accord Mattice v. ITT Hartford Ins. Grp.*, 837 F. Supp. 499, 500–01 (N.D.N.Y. 1993) (same).

### A.    Plaintiff Improperly Seeks Pre-Removal Costs That Are Not Recoverable

Plaintiff improperly seeks to recover $6,310.78 in litigation costs in the original state court action, including filing fees and service expenses, which are not recoverable under § 1447(c). The declaration of Plaintiff's counsel states that Plaintiff is seeking $2,710.78 for (1) "filing fees," and (2) "process service" costs. *See* ECF No. 5-1, Sedgh Decl. ¶ 6, Ex. 2. These are ordinary costs of initiating litigation that have nothing to do with removal and, therefore, are not recoverable under section 1447(c). *See New York v. Bell*, No. 3:10-CV-508 SRU, 2011 WL 134084, at *2 (D. Conn.

11

Jan. 14, 2011) (denying costs for state court proceedings and related expenses not caused by removal and holding that § 1447(c) does not authorize recovery of costs incurred in state court actions).

Similarly, Plaintiff seeks $3,600 in fees for work has nothing to do with removal and, therefore, are not recoverable under section 1447(c). Work on "the filing of this case, serving defendants, and mailing and sending out pertinent documents[,]" Sedgh Decl. ¶ 10, and "the filings concerning this case[,]" *id.* at ¶ 9, is unrelated to removal and, therefore, is not recoverable. *See Greenridge*, 60 F. Supp. 2d at 13 ("Court[s] must disallow hours which were not incurred solely in connection with the remand motion."). Plaintiff's request for $6,310.78 in litigation costs is legally improper and should be denied.

B.      **Henkel's Removal Was Objectively Reasonable**

Even if Plaintiff had incurred recoverable costs (she did not), fees still would be unwarranted. As noted, the Supreme Court has made clear that fees are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Consistent with that standard, courts in this Circuit have held that where the lack of jurisdiction is not apparent from the face of the removal papers, and no unusual circumstances exist, a removing party has an objectively reasonable basis for removal. *See Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22-cv-7787, 2023 WL 2366975, at *4 (S.D.N.Y. Mar. 6, 2023); *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11-CV-2232, 2011 WL 4965150, at *8 (S.D.N.Y. Oct. 19, 2011). That is precisely the situation here.

Henkel acted within the limited window to snap remove immediately upon learning of the filing of the Complaint. Removal had to be (and was) executed promptly upon learning of the

12

filing of the Complaint to preserve the right to remove before forum defendants are "properly joined and served." 28 U.S.C. § 1441(b)(2).

CPLR § 305(a) unambiguously requires a summons to "bear the index number assigned[,]" which was not the case when Plaintiff purported to serve the Summons and Verified Complaint on April 24, 2026. And Henkel did not learn that any defendant had been served with the defective Summons and Verified Complaint (including Henkel) until after it had removed. Under these circumstances, Henkel's removal was objectively reasonable, and an award of costs or fees is not warranted, especially because no costs or fees were incurred "as a result of the removal." *See Casale v. Metro. Trans. Auth.*, 2005 WL 3466405, at * 11 (S.D.N.Y. Dec. 19, 2005) (refusing to award costs and fees because removal petition raised "legitimate" questions); *Rubin v. MasterCard Int'l, LLC*, 342 F. Supp. 2d 217, 221 (S.D.N.Y. 2004) (refusing to award costs and fees because "removal was non-frivolous").

## CONCLUSION

For the foregoing reasons, Henkel respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Dated: New York, New York
       May 15, 2026

Respectfully submitted,

LIPPES MATHIAS LLP

s/ *Berj K. Parseghian*
Berj K. Parseghian
*Attorneys for Defendant Henkel Corporation, incorrectly named herein as Henkel a/k/a Henkel AG & Co. KGaA*
420 Lexington Ave, Suite 2005
New York, New York 10170
(332) 345-4500 ext. 1695
bparseghian@lippes.com

13

## <u>CERTIFICATE OF COMPLAINCE PURSUANT TO LOCAL RULE 7.1(c)</u>

I, Berj K. Parseghian, certify that the foregoing Opposition to Plaintiff's Motion to Remand

contains 3,878 words, which is less than the 8,750-word limit under Local Rule 7.1(c).

Dated: New York, New York
       May 15, 2026            s/ *Berj K. Parseghian*
                               Berj K. Parseghian

14